Frost, J.
dissenting. Two points for the defendant were made at the trial; first, that a mortgage deed with one subscribing witness is a valid and effectual mortgage; and second, if it is not, that the demandant was estopped to deny the validity of the mortgage deed by the order for foreclosure against *273 her husband. Both points were ruled against the defendant. Only the first is noticed in the report, because there was no appeal from the circuit decision on the second.
The judgment of the Court does not decide the first ground; but admitting that the mortgage deed is invalid to bar the demandant’s dower in the mortgaged land, decides that the demandant is estopped, by the order for foreclosure against her husband, from denying the validity of the mortgage deed.
The widow was no party to the proceeding. An estoppel binds only parties and their privies. The widow does not claim dower in privity from her husband, so as to be estopped of her claim by any act he rqay do or suffer. If she did, she would be estopped by his deed, conveying the land in fee, from claiming dower against the purchaser; and equally by a conveyance in fee on any condition, to pay money or any other condition. And, so, she must be estopped by a judgment against him from claiming dower against a purchaser under that judgment. Yet it is plain law that in neither of these cases is the widow estopped from demanding her dower. The principle on which the widow is barred of her dower in land mortgaged for the purchase money is, that the seizin of the husband is only instantaneous. If the mortgage deed is not executed in the presence of two witnesses, so as to be effectual to reconvey the .land to the seller, the seizin of the husband is complete and paramount.
Dower is the grant of the law; not the gift of the husband. The claim is paramount to the husband, not under him. It attaches, instantty, on the marriage, on all lands of which he is then seized, and upon all of which he may be seized at any time during the coverture. Of this right the widow cannot be barred by any act of her husband; not even by a devise to her of all his real and personal estate, and her acceptance and possession and enjoyment of the property devised, as was decided at the last term of this Court in Braxton vs. Freeman (a). Her consent is necessary to bar her dower in any land of which the *274 husband was seized during the coverture. And this consent can be given only in the form and mode prescribed by law to-protect her against persuasion, intimidation, or force. The only mode of barring dower at law, heretofore known, is that prescribed by the Act of 1791 or 1731.
By this case a new mode of barring dower is introduced, viz : by a foreclosure of a mortgage against the husband. It is admitted by the judgment of the Court that the mortgage deed is invalid as a mortgage, and therefore does not divest the seizin of the husband. It is not valid against a subsequent purchaser from the husband. Against such a purchaser might the widow claim her dower ? If not, then a conveyance by the husband in fee, after an invalid or fictitious mortgage, presents a novel and convenient device to bar the widow of dower. But it is admitted that the demandant is not barred by the mortgage deed; which is invalid. She is barred by the order for foreclosure, operating as an estoppel. Is the estoppel to be confined to the case of a deed, invalid to bar the widow’s dower, because it is not subscribed by two attesting witnesses? Or must not an order for foreclosure equally operate, as an estoppel, in the case of every mortgage deed which for any other cause is invalid to bar the widow’s dower ? The order for foreclosure can only operate as an estoppel against the widow, on the ground of privity with her husband. Is that privity confined to the case of a mortgage deed with only one witness ? If it is not, then the widow is barred by privity, in every case of an order for foreclosure, though the mortgage foreclosed, for any other cause, may be invalid tobar her dower. As the husband, after a judgment for foreclosure, is estopped to aver fraud against the mortgage, by privity the widow must also be estopped. What distinction can be made between the privity of the wife to a judgment of foreclosure against her husband, and her privity in case of a judgment against her husband for the recovery of the land in air action of trespass to try title ? If none can be made, then, if the husband conveys, in fee, land subject to dower, and the purchaser, on that title, recovers the land against the husband, *275 the widow is barred of her dower. And even more; as the widow is estopped in case of an invalid or fraudulent mortgage, so she must he estopped in case of an invalid or fraudulent conveyance in fee. If by an order for foreclosure, the widow is estopped from averring the invalidity of the mortgage deed because attested by only one witness, must she not be estopped from averring any other formal or substantial objection to the mortgage as a bar to her dower ? - Must she not be estopped to aver that the mortgage is no bar to her dower, because it was not given to secure the purchase money of the land, in which the dower is claimed ? In brief: is the privity and estoppel of the wife confined to the special case adjudged ? And if it is held to be so restricted, on what principle is it restricted?
The judgment of the Court manifests the danger of attempting to give equitable relief on common law principles. Against the imperfect execution of a deed, the parly injured may be relieved in a Court of Equity; but a common law Court can only enforce legal rights established in the manner prescribed by law.

 Ante, p. 35.